**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| VIAAS INC.,                  ) | |
|                        ) | |
|          Plaintiff,       ) | |
|                        ) | |
|               vs.          ) | Civil Action No. 6:22-cv-01046 |
|                        ) | |
| ADT LLC,                  ) | |
|                        ) | |
|          Defendant.     ) | |
|                        ) | |

## ADT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant ADT LLC ("ADT") hereby answers Plaintiff VIAAS Inc.'s ("VIAAS") Complaint for Patent Infringement ("Complaint"). ADT answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of VIAAS's Complaint. Allegations not expressly admitted herein are denied.

### PARTIES[1]

1.      ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 1, and therefore denies each of the allegations in paragraph 1 of the Complaint.

2.      ADT admits it is organized under the laws of the State of Delaware. ADT admits that an ADT Security Services location is at 1817 W. Braker Lane, Austin, TX 78758. ADT admits it registered to do business in Texas and may be served with process through its registered agent at CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 7520.

---

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

3.      ADT admits it directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells in the United States, including in this judicial district. ADT denies the remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION

4.      ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.  ADT admits that the Court has subject matter jurisdiction over this action under, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). ADT denies that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because VIAAS alleges that it is a Delaware corporation (*see*, Complaint para. 1) and ADT LLC is a Delaware Corporation. ADT denies the remaining allegations of paragraph 4 of the Complaint.

5.      ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 5 of the Complaint.

6.      ADT admits that it has a place of business in this District. ADT denies the remaining allegations in paragraph 6 of the Complaint.

7.      ADT denies the allegations in paragraph 7 of the Complaint.

8.      ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 8 of the Complaint.

9.      For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT admits that it advertises online which may include advertising to persons within this District.

10.      ADT lacks sufficient basis to determine the accuracy of the allegations set out in paragraph 10, and therefore denies the allegations in paragraph 10 of the Complaint.

11.     ADT denies venue is proper in this District under 28 U.S.C. § § 1400(b) as ADT is neither incorporated in Texas nor has its principal place of business in this District.  ADT admits that an ADT Security Services location is at 1817 W. Braker Lane, Austin, TX 78758. For the purposes of this action only, ADT does not contest venue under 29 U.S.C. §§ 1400(b) but denies that this is the most appropriate or convenient venue for this action.  ADT denies the remaining allegations in paragraph 11 of the Complaint.

## THE PATENTS-IN-SUIT

12.     ADT admits that, on October 15, 2013, United States Patent No. 8,558,888 ("the '888 Patent"), entitled "Bandwidth shaping client to capture, transform, cache, and upload images from a remote point of recordation to a network service" was issued by the United States Patent and Trademark Office ("USPTO").  ADT admits that Exhibit A purports to be a copy of the '888 patent. ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 12, and therefore denies the remaining allegations in paragraph 12 of the Complaint.

13.     ADT admits that on October 18, 2016, United States Patent No. 9,472,069 ("the '069 Patent"), entitled "Detecting, recording, encrypting and uploading representations of events of interest via a single point of recordation terminal (port)" was issued by the United States Patent and Trademark Office ("USPTO"). ADT admits that Exhibit B purports to be a copy of the '069 patent. ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 13, and therefore denies the remaining allegations in paragraph 13 of the Complaint.

14.     Paragraph 14 is a statement to which no response is needed.

15.     ADT admits that, under 35 U.S.C. § 282, patents are presumed valid.  ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 15, and therefore denies the remaining allegations in paragraph 15 of the Complaint.

## ACCUSED INSTRUMENTALITIES

16.     Paragraph 16 is a statement to which no response is needed.

## COUNT I
## PATENT INFRINGEMENT OF THE '888 PATENT

17.     ADT reincorporates the preceding paragraphs of this Answer from above.

18.     ADT denies the allegations in paragraph 18 of the Complaint.

19.     ADT denies the allegations in paragraph 19 of the Complaint.

20.     ADT denies the allegations in paragraph 20 of the Complaint.

21.     ADT admits that the Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District. ADT denies the remaining allegations in paragraph 21 of the Complaint.

22.     ADT denies the allegations in paragraph 22 of the Complaint.

23.     ADT admits that Exhibit C purports to be a claim chart with respect to the '888 patent but denies the remaining allegations paragraph 23 of the Complaint.

## COUNT II
## PATENT INFRINGEMENT OF THE '069 PATENT

24.     ADT reincorporates the preceding paragraphs of this Answer from above.

25.     ADT denies the allegations in paragraph 25 of the Complaint.

26.     ADT denies the allegations in paragraph 26 of the Complaint.

27.     ADT denies the allegations in paragraph 27 of the Complaint.

28.     ADT admits that the Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District. ADT denies the remaining allegations in paragraph 28 of the Complaint.

29.     ADT denies the allegations in paragraph 29 of the Complaint.

30.     ADT admits that Exhibit D purports to be a claim chart with respect to the '069 patent but denies the remaining allegations paragraph 30 of the Complaint.

## PRAYER FOR RELIEF

31.     ADT denies that VIAAS is entitled to any requested relief. To the extent not expressly addressed above, ADT denies the factual allegations in the Complaint.

## DEFENSES

32.     Subject to its responses above, and upon information and belief, ADT alleges and asserts the following defenses in response to the allegations in the Complaint. Regardless of how the defenses are listed herein, ADT undertakes the burden of proof only as to the defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses asserted below, ADT reserves all rights to allege additional defenses.

## FIRST DEFENSE

### (Non-Infringement)

33.     VIAAS is not entitled to any relief against ADT because ADT has not infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of each of U.S. Patent Nos. 8,558,888 and 9,472,069.

## SECOND DEFENSE

### (Invalidity)

34.    One or more of the claims of the patents-in-suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE

### (Statute of Limitations)

35.    VIAAS's claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

36.    VIAAS's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representation disclaimers, and/or disavowals made during prosecution of each of the patents-in-suit.

## FIFTH DEFENSE

### (Waiver and Estoppel)

36.    VIAAS's claims are barred by equitable doctrine of waiver and estoppel due to VIAAS's knowledge of ADT's allegedly infringing actions, and its unjustified failure to pursue infringement claims diligently and timely from the time it became aware that it supposedly had claims against ADT.

## SIXTH DEFENSE

### (Lack of Standing)

37.    VIAAS's claims are barred because VIAAS lacks standing to bring this suit.

## SEVENTH DEFENSE

### (Failure to Mark)

38.      VIAAS's claim for damages is limited to the extent VIAAS failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

## EIGHTH DEFENSE

### (Failure to State a Claim)

39.      VIAAS's Complaint fails to state a claim for which relief can be granted, in particular a claim of infringement for one or more of the patents-in-suit, as required under Federal Rules of Procedure 12(b)(6).

## NINTH DEFENSE

### (Exceptional Case)

40.      ADT has engaged in all relevant activities in good faith, thereby precluding VIAAS, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## OTHER DEFENSES

41.      ADT reserves all defense under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

## JURY DEMAND

42.      ADT requests a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

ADT requests that the Court:

A. Dismiss all counts of VIAAS's Complaint for patent infringement with prejudice, and award VIAAS nothing by way of its Complaint;

B. Enter a judgment finding that ADT has not infringed any claim of any of the patents-in-suit;

C. Enter a judgment that each of the patents-in-suit is invalid;

D. Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding ADT its costs, reasonable attorneys' fees, and expert witness fees in this action; and,

Award ADT such further relief as the Court may deem just and proper.

DATED: December 2, 2022                     Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

BY:  */s/ Steven Tepera*
     Steven Tepera (24053510)
     steven.tepera@pillsburylaw.com
     401 Congress Avenue, Suite 1700
     Austin, TX 78701-3797
     Phone:  512.580.9600
     Fax: 512.580.9601

     Michael E. Zeliger (*Pro Hac Vice*)
     michael.zeliger@pillsburylaw.com
     Audrey Lo (*Pro Hac Vice*)
     audrey.lo@pillsburylaw.com
     2550 Hanover Street
     Palo Alto, CA  94304
     Phone:  650.233.4500
     Fax:  650.233.4545

     *Attorneys for Defendant*