IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIAAS INC.,<br>      Plaintiff,<br><br>v.<br><br>ADT LLC,<br>      Defendant. | Civil Action No. 6:22-cv-01046- |

**<u>DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(h)(3)</u>**

## TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES ................................................................................................... 1
I.   INTRODUCTION .................................................................................................................. 2
II.  BACKGROUND .................................................................................................................... 2
    A.  '888 Patent Assignment Timeline .................................................................................. 2
    B.  '069 Patent Assignment Timeline .................................................................................. 5
    C.  ADT's Efforts Prior to Filing the Instant Motion ........................................................... 7
III. LEGAL STANDARD ............................................................................................................. 7
    A.  Constitutional Standing .................................................................................................. 7
IV.  ARGUMENT .......................................................................................................................... 9
    A.  Plaintiff Lacks Constitutional Standing ......................................................................... 9
        1.  Third Iris is the owner of the patents-in-suit, and Plaintiff has no exclusionary rights. 9
        2.  Barracuda never owned the patents-in-suit. .............................................................. 10
        3.  Barracuda only made a *promise* to assign the patents-in-suit to Plaintiff ................. 11
V.   CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

Cases

*Abraxis Bioscience, Inc. v. Navinta LLC*,
   625 F.3d 1359 (Fed. Cir. 2010) ...................................................................................................11

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) .......................................................................................................................8

*Balon v. Enhanced Recovery Company, Inc.*,
   264 F.Supp.3d 597 (M.D. Pa. 2017) ..............................................................................................9

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*,
   563 U.S. 776 (2011) .......................................................................................................................8

*United States v. Cotton*,
   535 U.S. 625 (2002) .......................................................................................................................8

*Filmtec. Corp. v. Allied Signal Inc.*,
   939 F.2d 1569 (Fed. Cir. 1991) ....................................................................................................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
   528 U.S. 167 (2000) .......................................................................................................................7

*Intellectual Tech LLC v. Zebra Techs. Corp.*,
   No. 6:19-cv-00628-ADA, 2022 U.S. Dist. LEXIS 90905 (W.D. Tex. May 20, 2022), *appeal docketed*, No. 22-2207 (Fed. Cir. Sept. 14, 2022) ..................................................................12

*Lever v. Lyons*,
   No. 16-CV-5130-MKB-SJB, 2018 WL 1521857 (E.D.N.Y. Jan. 2, 2018) ...............................9

*Lujan v. Defenders of Wildlife*,
   504 U. S. 555 (1992) ......................................................................................................................7

*Menchaca v. Chrysler Credit Corp.*,
   613 F.2d 507 (5th Cir. 1980) .........................................................................................................8

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
   No. 1:12-CV-773-SS, 2015 WL 11251772 (W.D. Tex. Feb. 17, 2015), *aff'd in relevant part*,
   676 F. App'x 967 (Fed. Cir. 2017) ...............................................................................................11

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
   402 F.3d 1198 (Fed. Cir. 2005) ................................................................................................8, 12

*Shenzhen Tange Li'an E-Commerce Co., Ltd. v. Drone Whirl LLC*,
    No. 1:20-CV-738-RP, 2021 WL 3474007 (W.D. Tex. Aug. 6, 2021) (report and
    recommendation, *aff'd in relevant part,* WL 8443759, at *1 (W.D. Tex. Aug. 26, 2021)) ..8, 9

*SiRF Tech., Inc. v. I.T.C.*,
    701 F.3d 1319 (Fed. Cir. 2010)................................................................................................9

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000)................................................................................................8

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)..............................................................................................................7

*Sprague v. Cortes*,
    223 F.Supp.3d 248 (M.D. Pa. 2016).........................................................................................9

*Superior MRI Servs. v. All. HealthCare Servs.*,
    778 F.3d 502 (5th Cir. 2015) ....................................................................................................7

*Tandy v. City of Wichita*,
    380 F.3d 1277 (10th Cir. 2004) ................................................................................................7

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)..............................................................................................................7

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A.*,
    19 F.4th 1315 (Fed. Cir. 2021) ..........................................................................................8, 12

*Warth v. Seldin*,
    422 U.S. 490 (1975)..................................................................................................................7

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)..............................................................................................10

## Statutes and Codes

United States Code Title 35 Section 261 .......................................................................................11

## Rules and Regulations

Federal Rules of Civil Procedure
    Rule 12(b)(1)..............................................................................................................2, 8, 9, 13
    Rule 12(h)(3)....................................................................................................................2, 8

## STATEMENT OF THE ISSUES

Pursuant to this Court's *Standing Order Regarding Civil Motion Content*, the following issues are to be decided:

1. Whether VIAAS has standing to enforce U.S. Patent No. 8,558,888 because. Mr. Roskowski transferred ownership to Third Iris Corp. ("Third Iris") and Third Iris never transferred its rights thereafter.

2. Whether VIAAS has standing to enforce U.S. Patent No. 8,558,888 because Barracuda Networks, Inc. ("Barracuda") never had an ownership interest in U.S. Patent No. 8,558,888 to transfer to VIAAS.

3. Whether VIAAS has standing to enforce U.S. Patent No. 8,558,888 if Barracuda is found to have retained ownership because the agreement between Barracuda and VIAAS was a mere promise to transfer its interest in the future.

4. Whether VIAAS has standing to enforce U.S. Patent No. 9,472,069 because Mr. Roskowski transferred ownership to Third Iris and Third Iris never transferred its rights thereafter.

5. Whether VIAAS has standing to enforce U.S. Patent No. 9,472,069 because the transfer between Mr. Roskowski and Barracuda is void – since Mr. Roskowski transferred his interests to Third Iris, he could not transfer any interests in U.S. Patent No. 9,472,069 to Barracuda.

6. Whether VIAAS has standing to enforce U.S. Patent No. 9,472,069 if Barracuda is found to have obtained ownership because the agreement between Barracuda and VIAAS was a mere promise to transfer interest in the future.

1

I.      INTRODUCTION

This action should be dismissed because Plaintiff VIAAS Inc. ("VIAAS" or "Plaintiff") lacks constitutional standing to bring and maintain this action. In its complaint alleging that Defendant ADT Inc. ("ADT" or "Defendant") infringes U.S. Patent Nos. 8,558,888 ("the '888 patent") and 9,472,069 ("the '069 patent") (collectively, the "patents-in-suit"), VIAAS purports to be the "exclusive owner by assignment of all rights, title, and interest in the [patents-in-suit], including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the [patents-in-suit]." Dkt. 1, ¶¶ 12, 13; *see also id.* ¶ 15.  However, documents produced by VIAAS, as well as the assignment agreements recorded with the U.S. Patent and Trademark Office, show that the patents are in fact owned by Third Iris. Corp. ("Third Iris") and there is no record of Third Iris conveying the patents-in-suit to Plaintiff.  Thus, VIAAS has no ownership or exclusionary rights in the patents-in-suit.

Prior to filing the present motion, Defendant asked VIAAS to provide information evidencing VIAAS's purported standing to sue for infringement.  Plaintiff ignored Defendant's request.  ADT accordingly moves for dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Because VIAAS's lack of standing deprives this Court of subject-matter jurisdiction, and cannot be cured, Rule 12(h)(3) requires dismissal of this action.

II.     BACKGROUND

   A.      '888 Patent Assignment Timeline

The '888 patent issued from U.S. Patent Application No. 12/395,437 (the "'437 application"), which was filed on February 27, 2009.  Dkt. 1-1 (Ex. A) at (21), (22).[1]  Steven

---

[1] Numerals within parentheses refer to sections on the cover of the patents-in-suit.

2

Roskowski is the sole named inventor. *Id.*; *see also* Ex. E (Excerpts from the File History for the '888 Patent) at VIA000241.

On March 2, 2009, Mr. Roskowski assigned his "entire right, title and interest" in and to the inventions disclosed in the '437 application to Third Iris, "a corporation of Cayman Islands." Ex. A (Assignment of ['437] Application dated March 2, 2009, hereafter the "2009 Agreement"), VIA000259 at VIA000260.[2] This assignment included all rights to any patents granted from the '437 application as well as "any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 application. *Id.*

During the prosecution of the '437 application, on May 1, 2009, Mr. Roskowski identified Third Iris as the assignee. Ex. E ('888 Patent File History) at VIA000182. On May 18, 2009, Mr. Roskowski granted Third Iris power of attorney to prosecute the '437 application. *Id.* at VIA000180. In granting this power of attorney, Mr. Roskowski asserted that Third Iris is "the assignee of the entire right, title, and interest in" the '437 application and cited his March 2, 2009 assignment to Third Iris. *Id.*

On October 3, 2012, Barracuda Network, Inc. ("Barracuda") executed a document titled "Patent Security Agreement" (hereafter the "Security Agreement")that purported to grant Silicon Valley Bank ("SVB") "a security interest" in several granted patents and patent applications, including the '437 application. Ex. F (Security Agreement), VIA000261 at VIA000273–74, VIA000286. The Security Agreement does not mention Third Iris; nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '437 application.

---

[2] All Exhibits to this Motion are attached to the Declaration of Steven P. Tepera, filed herewith.

3

On April 25, 2013, Mr. Roskowski and Barracuda executed a document titled "Indemnification Agreement". Ex. G (Indemnification Agreement), VIA000291 at VIA000292. Although the transmittal cover sheet used when recording the Indemnification Agreement identifies the agreement as an assignment, the agreement does not in fact assign any interests in the '437 application. *Id.* at VIA000291. To the contrary, the Indemnification Agreement includes a "No Licenses" provision that expressly states that "[n]othing set forth herein shall constitute either any grant of any right, covenant, release or license to [Roskowski] with respect to, or under, any patent . . . . or other intellectual property right of [Barracuda]." *Id.* at VIA000294.

On September 4, 2013, when paying the USPTO patent issuance fee, Third Iris identified itself as the assignee to be named on the issuing patent. Ex. E ('888 Patent File History) at VIA000039. On October 15, 2013, the '437 application issued as the '888 patent and lists Third Iris—not Mr. Roskowski or Barracuda—as the assignee. *Id.*

After the issuance of the '888 patent, two further purported conveyances took place. On May 31, 2017, Barracuda entered into a "Bill of Sale, Assignment and Assumption Agreement" (hereafter the "2017 Bill of Sale") with Plaintiff. Ex. C (2017 Bill of Sale), VIA000296 at VIA000298. Barracuda and Plaintiff subsequently entered into an "Amendment No. 1 to Asset Purchase Agreement" on June 9, 2017. *Id.* at VIA000300.

The 2017 Bill of Sale itself makes no mention of any patents. The 2017 Bill of Sale does reference a May 11, 2017, Asset Purchase Agreement (the "2017 Asset Purchase Agreement") between Barracuda and Plaintiff. *Id.* at VIA000300.[3] The 2017 Asset Purchase Agreement was

---

[3] Amendment No. 1 also references the 2017 Asset Purchase Agreement.

never recorded with the Patent Office and has not been produced by VIAAS, although Amendment No. 1 to the 2017 Asset Purchase Agreement has been produced.  Ex. C (Bill of Sale) at VIA000300-303.  The only mention of any patents in Amendment No. 1 is in Schedule 1.04, which states "[Plaintiff] *may request* transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request." *Id.* at VIA000303) (emphasis added).  Amendment No. 1 then identifies the '437 application. *Id.* Thus, at most, Amendment No. 1 contains a mere *promise* to assign rights at some time in the future after being requested by Plaintiff. It does not evince a past or present assignment, and there is no evidence that Plaintiff requested such a transfer, or that such transfer ever took place.

Accordingly, there is no record that Third Iris ever assigned its rights back to Mr. Roskowski, nor that Barracuda ever assigned its rights to Plaintiff.

**B.       '069 Patent Assignment Timeline**

The '069 patent issued from U.S. Patent Application No. 13/666,879 ("the '879 application"), which was filed on November 1, 2012.  Dkt. 1-1 (Ex. B) at (21)).  The '879 application is a divisional of the '437 application. *Id.*

Mr. Roskowski was again the sole named inventor. *Id.*; *see also* Ex. D (Excerpts from File History for the '069 Patent) at VIA000498.  As noted above, the March 2, 2009 assignment executed by Mr. Roskowski conveyed to Third Iris all rights in "any application which is a *divisional*, substitution, continuation, or continuation-in-part" of the '437 application.  Ex. A (2009 Agreement) at VIA000260 (emphasis added).  Thus, the '879 application, as a divisional of the '437 application, was conveyed to Third Iris as part of the 2009 Agreement.

The '879 application data sheet dated November 1, 2012 lists Third Iris as an assignee, which is consistent with Mr. Roskowski's assignment of rights to all applications that are a "divisional" of the '437 application to Third Iris in the 2009 Agreement. Ex. D ('069 Patent File

History) at VIA000498; Ex. A (2009 Agreement) at VIA000260.  On March 7, 2013, the USPTO published the '879 application and identified Third Iris—not Mr. Roskowski or Barracuda—as the assignee. Ex. D ('069 Patent File History) at VIA000484.

The USPTO's assignment records for the '879 application include the Indemnification Agreement discussed above. However, as noted above, the Indemnification Agreement does not assign any interests in any applications.

On October 29, 2015, Mr. Roskowski executed a document titled "Assignment of Patent Application" that purported to assign the '879 application to Barracuda. Ex. B (the "2015 Purported Assignment"), VIA000561 at VIA000562.  However, this document does not indicate whether or how Mr. Roskowski purportedly obtained any interests in the '879 application after he had previously assigned all rights to Third Iris, such that he could validly convey any interests in the '879 application to Barracuda.  Nevertheless, when the '879 application issued as the '069 patent on October 18, 2016, Barracuda was listed as the assignee.  Ex. D ('069 Patent File History) at VIA000355.

The USPTO's assignment records for the '879 application also include the 2017 Bill of Sale and Amendment No.1, discussed above.  As noted above, the 2017 Bill of Sale makes no mention of any patents.  As with the '437 application, Amendment No. 1 contains, at most, a mere *promise* to assign in the future certain rights in the '879 application.  It contains no actual present conveyance of the '879 application to Plaintiff.

Lastly, the record includes two security agreements, both executed on August 15, 2022, between Barracuda and UBS AG, Stamford Branch ("UBS AG Agreement") and the other between Barracuda and KKR Loan Administrative Services LLC, ("KKR Agreement"). Ex. H (UBS AG Agreement), VIA000576 at VIA000581; Ex. I (KKR Agreement), VIA000599 at

6

VIA000604.  In both agreements, Barracuda lists a host of patents, including the '069 patent, as purported collateral for loans and credit. Ex. H (UBS AG Agreement) at VIA000598; Ex. I (KKR Agreement) at VIA000601. Neither document contains any evidence of assignment of any rights of the '069 patent from Third Iris to Barracuda.

Thus, there is again no evidence that Third Iris assigned any rights in the '069 patent back to Mr. Roskowski, nor any evidence that Barracuda actually assigned any rights in the '069 patent to Plaintiff.

### C. ADT's Efforts Prior to Filing the Instant Motion

On February 16, 2023, ADT wrote to Plaintiff, raising questions regarding the ownership of the patents-in-suit, and requested that Plaintiff explain the chain of title and demonstrate that it has standing to file this case.  *See* Ex. J.  ADT requested a response no later than February 23, 2023. *Id.*  As of filing of the instant motion, Plaintiff has ignored ADT's letter.

## III. LEGAL STANDARD

### A. Constitutional Standing

It is well established that standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "Standing must be analyzed from the facts at the time the complaint was filed." *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 184 (2000).  The party asserting standing has the burden of proving standing, and it must do so by a preponderance of the evidence.  *See Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015).  If a party cannot satisfy this burden, "the complaint must be dismissed." *Warth*, 422 U.S. 490 at 512. The "irreducible constitutional minimum" requires the party asserting standing to show it has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560 (1992)). Article III standing requires a plaintiff to suffer an "injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

"[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021). In a patent infringement suit, "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing [. . . .] nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (internal citations omitted). For a patent assignee to prove its standing to sue for infringement, it "must produce a written instrument documenting the transfer of proprietary rights in the patent." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). The chain of title stemming from the named inventor to the plaintiff must be unbroken. *See Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 563 U.S. 776, 785–86 (2011).

Standing is a jurisdictional matter that may be raised at any time Fed. R. Civ. P. 12(b)(1) and 12(h)(3). *Shenzhen Tange Li'an E-Commerce Co., Ltd. v. Drone Whirl LLC*, No. 1:20-CV-738-RP, 2021 WL 3474007, at *2 (W.D. Tex. Aug. 6, 2021) (report and recommendation, *aff'd in relevant part,* WL 8443759, at *1 (W.D. Tex. Aug. 26, 2021)); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at

8

any stage in the litigation, even after trial and the entry of judgment."); *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject matter jurisdiction ... can never be forfeited or waived."); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980) ("It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings.").

Applying this framework, courts have the power to grant motions to dismiss under Rule 12(b)(1) even after an answer is filed. *See, e.g., Shenzhen*, 2021 WL 3474007, at *2, (stating that "the objection that a federal court lacks subject-matter jurisdiction may be raised at any time by a party or by the Court on its own initiative[,]" but denying the motion on substantive grounds), *aff'd in relevant part*, 2021 WL 8443759 at *1; *Balon v. Enhanced Recovery Company, Inc.*, 264 F.Supp.3d 597, 602 (M.D. Pa. 2017) ("[A] Rule 12(b)(1) factual evaluation 'may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed.'" (citing *Sprague v. Cortes*, 223 F.Supp.3d 248, 266 (M.D. Pa. 2016)); *Lever v. Lyons*, No. 16-CV-5130-MKB-SJB, 2018 WL 1521857, at *3 n.5 (E.D.N.Y. Jan. 2, 2018) (a court may consider a "Rule 12(b)(1) motion for lack of subject matter jurisdiction notwithstanding the fact that it was submitted *after* an answer was filed by defendants.") (emphasis added).

### IV. ARGUMENT

#### A. Plaintiff Lacks Constitutional Standing

##### 1. Third Iris is the owner of the patents-in-suit, and Plaintiff has no exclusionary rights.

Although Plaintiff purports to be the "exclusive owner" of the patents-in-suit, the chain of title demonstrates that Third Iris is the actual owner. In the recorded 2009 assignment, Mr. Roskowski unequivocally assigned the "entire right, title and interest" in and to the purported

9

inventions disclosed in the '437 application to Third Iris. Ex. A (2009 Agreement) at VIA000260; *see SiRF Tech., Inc. v. I.T.C.*, 701 F.3d 1319, 1327-28 (Fed. Cir. 2010) ("The recording of an assignment with the PTO … creates a presumption of validity as to the assignment … ."). Mr. Roskowski's 2009 assignment also expressly includes the rights to any "***divisional***, substitution, continuation, or continuation-in-part" from the '437 application. *Id.* (emphasis added). Thus, the assignment to Third Iris included the '888 patent (resulting from the '437 application) and the '069 patent (resulting from the '869 application).

Mr. Roskowski's later agreement with Barracuda (the Indemnification Agreement) regarding the '437 application does not rescind the 2009 Agreement, nor does it purport to assign any interest in the '437 application or any other pending or issued patent to Barracuda.

Indeed, Plaintiff has not produced ***any*** document showing that Third Iris either conveyed interests back to Mr. Roskowski or conveyed any interests to Barracuda. Because "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury," *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010), and because this break in the chain of title of the patents-in-suit renders Plaintiff without exclusionary rights in the patents-in-suit, Plaintiff is left without an injury in fact. Thus, Plaintiff lacks standing, and this Court lacks subject matter jurisdiction and accordingly should dismiss this lawsuit.

**2.     Barracuda never owned the patents-in-suit.**

Barracuda never obtained an interest in the patents-in-suit. For the '888 patent, there was never any assignment to Barracuda. As discussed above, the Indemnification Agreement was not an assignment.

For the '069 patent, there was a purported assignment from Mr. Roskowski to Barracuda (*see* Ex. B (2015 Purported Assignment) at VIA000562),[4] but Mr. Roskowski had already previously transferred all of his rights to Third Iris. *See id.* at VIA000260. That assignment was recorded on March 2, 2009. *Id.*

Because the assignment to Third Iris occurred before the purported assignment to Barracuda, was recorded within three months of the assignment, and was recorded before the purported assignment to Barracuda, Barracuda was on notice of the prior assignment. Thus, even if Mr. Roskowski had retained ownership rights that he could validly assign, the purported assignment to Barracuda is void. *See, e.g.,* 35 U.S.C. § 261; *Filmtec. Corp. v. Allied Signal Inc.*, 939 F.2d 1569, 1574 (Fed. Cir. 1991) (holding that if the subsequent purchaser had notice of the prior assignment the subsequent assignee would not be the patent holder).

### 3. Barracuda only made a *promise* to assign the patents-in-suit to Plaintiff.

Even if Barracuda somehow acquired rights to the patents-in-suit (there is no evidence indicating it did), there is no record that Barracuda conveyed any ownership or exclusionary interests in the patents-in-suit to Plaintiff. At most, Barracuda made a mere **promise** to grant rights at some indeterminate future date – not a present conveyance sufficient to grant Plaintiff ownership rights in the patents-in-suit. *See* Ex. C (Bill of Sale) at VIA000303 ("[Plaintiff] **may** request transfer of the patents issued with the following application numbers from [Barracuda] and [Barracuda] will transfer such patents upon request.") (emphasis added). An agreement to assign ownership in the future is not sufficient to confer standing. "Contracts that obligate the owner to grant rights in the future do not vest legal title to the patents in the assignee." *Abraxis Bioscience,*

---

[4] There is no such purported assignment for the '888 patent.

11

*Inc. v. Navinta LLC*, 625 F.3d 1359, 1365–66 (Fed. Cir. 2010); *see Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 1:12-CV-773-SS, 2015 WL 11251772, at *5–6 (W.D. Tex. Feb. 17, 2015), *aff'd in relevant part*, 676 F. App'x 967 (Fed. Cir. 2017).

Moreover, although Barracuda made a promise to assign its rights to the listed patents to Plaintiff, Schedule 1.04 of the Amendment No. 1 also grants **Barracuda** – not Plaintiff – "all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including sub-licensing the Patents to any third party sued for infringement." Ex. C (Bill of Sale) at VIA000303. Therefore, even if Barracuda transferred the patents to Plaintiff pursuant to Amendment No. 1, Plaintiff would still lack standing in this case because Barracuda would retain all exclusionary rights. *See Univ. of S. Fla.*, 19 F.4th at 323 ("the touchstone of constitutional standing … is whether [the party] has an exclusionary right in the patent …").

In fact, there is no indication that Plaintiff ever requested transfer of any rights in the patents-in-suit from Barracuda. To the contrary, the record indicates that Barracuda believed it continued to retain ownership. As recently as 2022, Barracuda continued to list the '069 patent as collateral for loans and credits in both the UBS AG Agreement and KKR Agreements. Ex. H (UBS AG Agreement) at VIA000598; Ex. I (KKR Agreement) at VIA000601.

### V. CONCLUSION

Plaintiff therefore lacks constitutional standing to sue. Because lack of standing cannot be cured, any amendment to the pleadings would be futile; therefore, Plaintiff should not be granted leave to amend. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,* 402 F.3d 1198, 1203 (Fed. Cir. 2005) (holding that a plaintiff cannot cure its lack of Article III standing by adding a party or executing a *nunc pro tunc* assignment); *Intellectual Tech LLC v. Zebra Techs. Corp.,* No. 6:19-cv-00628-ADA, 2022 U.S. Dist. LEXIS 90905, at *19 (W.D. Tex. May 20, 2022), *appeal docketed*,

No. 22-2207 (Fed. Cir. Sept. 14, 2022). Accordingly, ADT respectfully requests that Plaintiff's complaint against ADT be dismissed with prejudice for lack of standing under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Dated: February 24, 2023

                                                  Respectfully submitted,

/s/ *Steven P. Tepera*
Steven P. Tepera
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701
512-580-9651
Fax: 512-580-9601
Email: steven.tepera@pillsburylaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Audrey Lo
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
650-233-4500
Fax: 650-233-4545
Email: audrey.lo@pillsburylaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Michael E. Zeliger
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
650-233-4500
Fax: 650-233-4545
Email: michael.zeliger@pillsburylaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

*Counsel for Defendant ADT, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing was filed electronically using the CM/ECF system. As such, this document was served on all counsel who have consented to electronic service.

/s/ *Steven P. Tepera*
Steven P. Tepera