IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIAAS INC.,<br>　　　Plaintiff,<br><br>v.<br><br>ADT LLC,<br>　　　Defendant. | Civil Action No. 6:22-cv-01046-KC |

### DEFENDANT'S UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), Defendant ADT LLC ("ADT") moves the Court to modify the Scheduling Order as set forth herein. Dkt. 15. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 6(b) provides more specificity regarding the timing of a request to extend a deadline, stating that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

Here, ADT makes this request by motion, for good cause, "before the original time . . . expires." *See* Fed. R. Civ. P. 6(b)(1)(A). Good cause exists for multiple reasons.

On February 23, 2023, ADT filed a Motion to Dismiss Under Fed. Civ. P. 12(b)(1) and 12(h)(3) ("Motion to Dismiss") for lack of standing.[1] "In the area of patent infringement, [the Federal Circuit] has held that if the original plaintiff lacked Article III initial standing, the suit

---

[1] Google LLC, Vivint Inc., Amazon.com Inc., and Ring LLC have similar motions to dismiss on the same basis pending before this Court. *VIAAS Inc. v. Google LLC*, No. 6:22-cv-01048-KC, Dkt. 10; *VIAAS Inc. v. Vivint Smart Home Inc.*, No. 6:22-cv-01052-KC, Dkt. 35; *VIAAS Inc. v. Amazon.com Inc. et al*, No. 6:22-cv-01041-KC, Dkt. 13.

1

must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (internal citations omitted). This lawsuit cannot proceed should VIAAS Inc. ("VIAAS") fail to demonstrate standing. *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) ("To defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof.") (internal citations omitted).  Further, standing cannot be cured; rather, the suit must be dismissed. *Schreiber Foods*, 402 F.3d at 1203.  As such, proceeding with invalidity contentions and claim construction disclosures and briefing before the resolution of the Motion to Dismiss could force both parties, and the Court, to incur what may ultimately be unnecessary expenses.

There is no prejudice to either party, nor to, ADT believes, the Court, because the proposed amended deadlines do not move the *Markman* hearing.  As such, the amendment does not delay the Court's *Markman* decision and the remaining deadlines are unaffected.

Counsel for the parties have met and conferred and agree to the amended schedule; the relief requested in this motion is unopposed.  Accordingly, in the interest of efficiency and preserving judicial resources, ADT requests that the Court grant its Unopposed Motion to Modify Scheduling Order and enter the schedule as set forth below.

| Event | Current Deadline | Amended Deadline |
|---|---|---|
| Motions to Transfer (ordinarily, 30 days from filing RPPM) | March 20, 2023 | May 30, 2023 |
| Preliminary Invalidity Contentions (ordinarily, 35 days from filing RPPM) | March 23, 2023 | June 2, 2023 |

| Event | Current Deadline | Amended Deadline |
|---|---|---|
| Exchange of Proposed Terms and Claim Elements (ordinarily, 45 days from filing RPPM) | April 3, 2023 | June 12, 2023 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (ordinarily, 65 days from filing RPPM) | April 24, 2023 | July 5, 2023 |
| Joint Claim Construction and Prehearing Statement (ordinarily, 95 days from filing RPPM) | May 22, 2023 | August 1, 2023 |
| Claim Construction Discovery Closes (ordinarily, 125 days from filing RPPM) | June 21, 2023 | August 31, 2023 |
| Claim Construction Opening Brief (ordinarily, 140 days from filing RPPM) | July 6, 2023 | September 15, 2023 |
| Claim Construction Response Brief (ordinarily, 154 days from filing RPPM) | July 20, 2023 | September 29, 2023 |
| Claim Construction Reply Brief (ordinarily, 161 days from filing RPPM) | July 27, 2023 | October 6, 2023 |
| Optional Technology Tutorials (10 days before Markman hearing) | August 7, 2023 | October 27, 2023 |

Dated: March 3, 2023

Respectfully submitted,

By: */s/ Audrey Lo*
Steven P. Tepera (TX Bar No. 24053510)
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701
Tel: 512-580-9651
Fax: 512-580-9601
Email: steven.tepera@pillsburylaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Michael E. Zeliger (CA Bar No. 271118)
Audrey Lo (CA Bar No. 253738)
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304-1115

Tel: 650-233-4500
Fax: 650-233-4545
Email: michael.zeliger@pillsburylaw.com
ATTORNEY TO BE NOTICED

*Counsel for Defendant ADT, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, a true and correct copy of the foregoing was filed electronically using the CM/ECF system.  As such, this document was served on all counsel who have consented to electronic service.

>                                        */s/ Audrey Lo*
>                                            Audrey Lo